# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Crim. No. 08-395 (RHK/JJG) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| Demone Royelio Smith (10), | |
| Defendant. | |

JEANNE J. GRAHAM, United States Magistrate Judge

The above-captioned case came before the undersigned for a pretrial motion hearing on June 23, 2009.  This case is scheduled to be tried before the Honorable Richard H. Kyle and was referred to this Court for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1.  The Court will address the dispositive motions of Defendant Demone Royelio Smith in this Report and Recommendation.

Smith has five pending dispositive motions: Motion to Quash Arrest (Doc. No. 115), Motion to Suppress Evidence Derived from Electronic Surveillance (Doc. No. 116), Motion to Suppress Evidence Obtained in Violation of the Fourth Amendment (Doc. No. 117), Motion to Suppress Confessions (Doc. No. 118), and Motion to Dismiss Indictment on Grounds of Insufficient Allegations (Doc. No. 121).  The only motion on which the parties presented testimony or argument was Smith's motion to suppress evidence obtained through electronic surveillance.  The Court will briefly discuss the other motions before addressing the contested motion.

## I.    Motion to  Quash Arrest

A federal grand jury indicted Smith on December 16, 2008.  An arrest warrant was issued pursuant to the Indictment, and Smith was arrested on the warrant.  He now moves to quash his arrest.   "The Fourth Amendment requires that arrest warrants be based 'upon probable cause, supported by Oath or affirmation'-a requirement that may be satisfied by an indictment returned by a grand jury . . . ."  *Kalina v. Fletcher*, 522 U.S. 118, 129 (1997) (citations omitted). Accordingly, Smith's arrest was lawful and should not be quashed.

## II.    Motion to Suppress Statements

The parties agree that Smith made no statements to any law enforcement officer, and his motion to suppress statements therefore should be denied as moot.

## III.    Motion to Suppress Evidence Seized Pursuant to the Fourth Amendment

In his written motion, Smith seeks to suppress "all physical evidence" seized pursuant to search warrants, under other unspecified exceptions to the warrant requirement, or with consent. Smith failed to identify any specific evidence or particular grounds for suppression, however, and his motion should be denied.

## IV.    Motion to Dismiss Indictment on Grounds of Insufficient Allegations

Smith seeks to dismiss the Indictment because "[t]here was no competent evidence presented to the Grand Jury."  (Smith's Mot. Dismiss Indictment at 1.)   This accusation is completely unsupported, and the motion should be denied.

## V.    Motion to Seize Evidence Obtained Through Electronic Surveillance

Bloomington Police Officer Dennis Otterness testified at the June 23, 2009 motion hearing about the investigation of this case.  Several law enforcement agencies participated in the investigation,  including  the  Bloomington  Police  Department  and  the  Drug  Enforcement

Administration ("DEA").  A confidential source ("CS") agreed to work with the DEA and signed a written agreement consenting to be monitored via audio and video equipment, to wear a transmitting wire, and to be recorded.  The CS leased a beauty supply store in Bloomington, and she also consented to the DEA's wiring and monitoring of the store.  The CS had the keys to the store and gave the investigators access to it.  Surveilling officers observed and recorded several controlled drug transactions inside the beauty supply store, including one between the CS and Smith on December 30, 2007.  No officer ever obtained a search warrant or judicial authorization for a wiretap because all equipment was installed and monitored with the CS's consent.

Smith now seeks to suppress the intercepted conversation he had with the CS on December 30, 2007.  (Smith's Mem. Supp. Mot. Suppress Evid. Elec. Surveillance at 5.)  He argues that the investigating officers violated Title III of the Omnibus Crime Control and Safe Streets Act of 1968 and the Warrant Clause of the Fourth Amendment.  He does not address the effect of the CS's consent.

*United States v. Corona-Chavez*, 328 F.3d 974 (8th Cir. 2003), is of particular relevance to Smith's Fourth Amendment argument.  The Eighth Circuit Court of Appeals recognized in *Corona-Chavez* that the interception of communications transmitted electronically does not violate the Fourth Amendment if one of the parties has given his or her consent.  *Id.* at 978.  Here, the CS consented to the electronic interception of her conversations, and there is nothing to indicate this consent was invalid.  The CS also permitted officers access to the beauty supply store, for which she was the lessee and had the keys.  There is nothing in the record to indicate that the CS did not have control over the store.  The Court finds that the CS's consent to the installation and monitoring of audio surveillance equipment was consensual.

As to the video component of the surveillance, "[t]he Fourth Amendment does not protect

people from observation in places where they have no reasonable expectation of privacy." *Id.* at 980 (citation omitted). Smith provided no evidence that he had a reasonable expectation of privacy in the beauty supply store, and the Court finds he did not.

Turning to Smith's Title III argument, the United States Supreme Court long ago declared, "While Title III of the Omnibus Crime Control and Safe Streets Act of 1968 . . . regulates electronic surveillance conducted without the consent of either party to a conversation, federal statutes impose no restrictions on recording a conversation with the consent of one of the conversants." *United States v. Caceres*, 440 U.S. 741, 750 (1979); *see also United States v. Jones*, 801 F.2d 304, 315 (8th Cir. 1986) ("Monitoring a conversation is permitted under 18 U.S.C. §§ 2511(2)(c) and (d) when one party to the conversation consents."). Because the CS consented to the recorded conversation, the investigating officers were not required to obtain prior judicial authorization under Title III.

Accordingly, based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendant Demone Royelio Smith's Motion to Quash Arrest (Doc. No. 115) be **DENIED**;

2. Defendant Demone Royelio Smith's Motion to Suppress Evidence Derived from Electronic Surveillance (Doc. No. 116) be **DENIED**;

3. Defendant Demone Royelio Smith's Motion to Suppress Evidence Obtained in Violation of the Fourth Amendment (Doc. No. 117) be **DENIED**;

4. Defendant Demone Royelio Smith's Motion to Suppress Confessions (Doc. No. 118) be **DENIED AS MOOT**; and

5.   Defendant Demone Royelio Smith's Motion to Dismiss Indictment on Grounds of Insufficient Allegations (Doc. No. 121) be **DENIED**.


Dated this 10th day of July, 2009.

s/ *Jeanne J. Graham*

_____
JEANNE J. GRAHAM
United States Magistrate Judge


## NOTICE

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **July 24, 2009**.   A party may respond to the objections within ten days after service thereof.   Any objections or responses shall not exceed 3,500 words.   The district judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made.   The party making the objections must timely order and file the transcript of the hearing unless the parties stipulate that the district judge is not required to review a transcript or if the district judge directs otherwise.